JONES, JUDGE:
These claims are based on substantially the same facts and circumstances and by agreement of the parties the cases were consolidated for the purposes of the hearing and this opinion.
In the months of July and August, 1969, the claimants, Fred E. Blair and Williard Blair, who are brothers, were the owners of adjoining tracts of land, containing 27 acres and 20 acres, respectively, situate on the left fork of Laurel Creek in Harvey District of Mingo County. The two tracts were parts of a large acreage of land which had been in the Blair family for many years, and in the course of dividing the land the center line of an old sled road or trail was used as the dividing line between the Fred and Willard Blair tracts. The sled road or trail began at a common comer of the two properties on the left fork of Laurel Creek and on what is known as State Secondary Route No. 3, and extended up the mountain in a southerly direction to the top of the ridge and the line of property owned by Cotiga Development Company. The trail continued through the Cotiga Development Company property to State Secondary Route 3/4; and the General Highway Map of Mingo County, prepared by the West Virginia Department of Highways, designates the road or trail as State *70 Secondary Route No. 3/6. The deeds of conveyance to Willard Blair and Fred E. Blair, dated in 1925 and 1959, respectively, both refer to “the county road” as the division line between their properties. However, while the trail had been used for many years as a short cut, mainly by hunters or other persons on foot, there is no evidence in the record that the State ever acquired a right-of-way over or through the subject lands either by dedication or prescription.
Without any right to do so, but with some reason to believe and apparently believing that it had a right-of-way over the subject lands, the respondent did go on the property and it constructed an all-weather road for purposes of a fire break and fire access road. Brush was cleared and a number of trees were cut and a relatively small amount of rock was blasted along a strip extending 15 feet on either side of the center line, plus additional areas on both sides of the road which were cleared for slopes resulting from cuts and fills. Willard Blair saw the respondent’s employees at work on the road and inquired as to what they were doing. He was informed that they were building a fire road “to protect your property, your fires when they get out, is the way I understood it. I never said anything.” He did not talk to anyone further about the road, except to report the activity to his brother, Fred, who arrived on the scene after the road work was completed.
The items of damages claimed by Fred E. Blair are as follows:
Trees destroyed (569 oaks, 342 hemlocks,
336 yellow poplar, 204 beech, 120 birch and 28 red maple) $6,180.00
Rock blasted out 100.00
Widening and relocating road at entrance to property 750.00
Grading trail, approximately 2,132 feet 1,570.00
Total $8,600.00
The foregoing figures are taken from the appraisement and testimony of Rufus M. Reed, a registered engineer, naturalist, teacher and writer. In explaining his appraisement, Mr. Reed testified that in considering the value of trees on this steep mountain land, he took into consideration the market value, the protection that trees give the soil, preventing erosion and conserving moisture, and the *71 esthetic value of the trees. Mr. Reed’s summary shows the size of the trees to be from 2 inches to 19 inches in diameter, stating that both the number and size of trees were estimates, although he did “measure a few”. Much of the testimony of this witness as to the value of the trees which were cut appeared to the Court to be speculative, with undue emphasis on the “potential” and “esthetic” values. Mr. Reed gave his opinion of the market value of the land, including the timber, as being $300 to $400 per acre.
Willard Blair claims damages as follows:
411 trees (white oak, beech, poplar and pine) 2 inches to 16 inches in diameter, and 10 to 40 feet high at $5.00 each $2,055.00
Damage by blasting rock on trees 395.00
Grading trail, 2,312 feet 950.00
Total $3,400.00
Willard Blair made his own estimates of damages, with the assistance of a man who had worked in timber for a number of years, but who was unable to appear to testify. This claimant testified that he included trees as small as 1 to 1-1/2 inches in diameter to 12 inches in diameter, smaller overall than alleged in the above itemization taken from his notice of claim. While he declined to give an opinion as to the market value of his land, Willard Blair did testify that he had sold a 4-acre parcel for $1,500.00.
Gerald Wimer, District Forester for District 5, which includes Min-go County, testified for the respondent. He qualified himself as a graduate forester, with a background of two years’ research at West Virginia University and four years’ service with the Department of Natural Resources. He testified that he, along with his assistant district forester, worked two and one-half days along the subject road searching all of the area cut over and disturbed in any way. He personally counted and measured all of the stumps in this area and determined the species of the trees. The witness counted 417 trees cut on the Fred Blair land and of these one 12-inch oak was the only tree more than five inches in diameter, two poplars exceeded seven inches, all 75 beech trees were between three and five inches in diameter, only two birch trees were more than eight inches, three maples more than six inches and one of 67 hickories more than six inches in *72 diameter. The witness further testified that the nearest pulpwood market was in Wayne, fifteen miles distant, where the market stump-age value of the kind of timber involved was $1.00 per cord. Upon this basis he calculated the value of the Fred Blair trees as $1.50.
On the Willard Blair land the witness counted 247 trees cut, 40 of which were 6 inches or more in diameter and 125 were 3 inches or less in diameter. Damages as determined by Wimer amounted to $1.40 for trees cut, and $9.98 for rock damaged trees below the road, a total of $11.38.
With reference to the fire hazard in the area, Wimer stated that Mingo is one of the ten “hot” counties in the State, and that this particular area of northern Mingo and southern Wayne Counties probably has the highest occurrence of forest fires in the State.
A registered engineer employed by the respondent was given permission by the claimants to go on this land for the purpose of making a survey. The results showed that the total land cut over, graded or disturbed in any way was 1.16 acres on Fred Blair and 1.59 acres on the Willard Blair land. Fred Blair showed the engineer where rock had been blasted and by cross-sections it was determined that 71 cubic yards of sandstone rock were removed.
For a number of reasons these claims are difficult to fairly assess and determine. While the respondent was guilty of trespassing, it was not a deliberate or willful trespass. The State Department of Highways apparently believed it had a right of way over this land as its official County Map shows the road as State Secondary Route No. 3/6. Both of the claimants’ deeds refer to a County Road as dividing the two properties. Despite the fact that the respondent interfered with the claimants’ rights not to have their property improved, it is apparent to the Court that both tracts benefited by a good farm road, also serving as a fire break and fire access road. At such, extreme variance as to be almost incredible are the claimants’ estimates of damages in the amounts of $6,180.00 for Fred E. Blair and $3,400.00 for Willard Blair and damages determined by the respondent to be $1.50 for Fred E. Blair and $11.38 for Willard Blair. The Court has concluded that none of these figures is realistic, so taking into account that the respondent went upon the claimants’ land without right or permission (except such permission as may be implied from Willard Blair’s silence), as well as the mitigating cir *73 cumstances alluded to herein, the Court is of opinion that in equity and good conscience the claimants are entitled to recover in the following amounts:
Fred E. Blair — Damages to 1.16 acres of land at $400.00 per acre or $464.00; damages to approximately 1/4 acre of land due to relocation of road, $500.00; and additional compensatory damages for trespass, $500.00; a total of $1,464.00.
Willard Blair — Damages to 1.59 acres of land at $400.00 per acre or $636.00; damage to trees by falling rocks, $100.00; and additional compensatory damages for trespass, $500.00; a total of $1,236.00.
Accordingly, an award is hereby made to the claimant, Fred E. Blair, in the amount of $1,464.00; and an award is hereby made to the claimant, Willard Blair, in the amount of $1,236.00.